UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ANTHONY J. FONTENOT, JR.** : | **DOCKET NO. 16-cv-582** |
| **D.O.C. # 513221** | **SECTION P** |
| **VERSUS** : | **JUDGE TRIMBLE** |
| **STATE OF LOUISIANA** : | **MAGISTRATE JUDGE KAY** |

**MEMORANDUM ORDER**

Before the court is an application for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254 by *pro se* petitioner Anthony J. Fontenot, Jr. ("Fontenot"). Fontenot is an inmate in the custody of the Louisiana Department of Public Safety and Corrections and is incarcerated at Allen Correctional Center in Kinder, Louisiana. This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

**I.**
**BACKGROUND**

On July 25, 2007, and following a guilty plea in the Fourteenth Judicial District Court in Calcasieu Parish, Louisiana, Fontenot states that he was sentenced to 27 years incarceration. Doc. 4, p. 1. Fontenot lists the docket numbers of the convictions that he is contesting herein as 01-2454, 02-20884, and 05-12398 and breaks down the 27 year sentence as follows: (1) 01-2454-sentenced to ten years for theft; (2) 02-20884-sentenced to ten years for forgery; and (3) 05-12398-sentenced to seven years for theft of $500.00 or more. *Id.*

Fontenot states that he did not appeal from the judgment of conviction. *Id.* at 2. He claims that he filed for post-conviction relief in the Louisiana Third Circuit Court of Appeal, arguing ineffective assistance of counsel. *Id.* at 3. The basis for that claim appears to be his contention that he was incarcerated at the time the alleged theft occurred. *Id.* Fontenot also states that he filed a petition for a writ of *habeas corpus* in the Fourteenth Judicial District Court, arguing that he was incarcerated at the time the alleged theft occurred and that the district attorney withheld that information from the court. *Id.* He did not provide any documentation in support of either of the alleged filings. We have located a Louisiana Supreme Court ruling dated August 19, 2011, denying Fontenot's application for supervisory and/or remedial writs. *State ex rel. Fontenot v. State*, 67 So. 3d 1258 (La. 2011). As shown on this ruling, Fontenot sought relief from rulings by the Fourteenth Judicial District Court, 05-12398, and the Third Circuit Court of Appeal, No. KH 10-00181. *Id.*

Fontenot signed the instant application for writ of *habeas corpus* on April 23, 2016, and it was received and filed on April 27, 2016. Doc. 1. Here he claims: (1) that he is being unlawfully imprisoned as he was incarcerated on July 3, 1999, and could not have committed the theft that is alleged to have occurred on that day; (2) that the plea agreement entered into on September 25, 1998, encompassed charges for which he was later sentenced; (3) that prosecutorial misconduct occurred when the prosecutor withheld evidence, including victims' names, from the court, submitted invalid information, and threatened him; and (4) that he was never formally arrested in case number 01-2454. Doc. 4, pp. 5–10.

As relief for the above, Fontenot seeks immediate release from prison. *Id.* at 14.

## II.
### AMEND ORDER

Before reaching the merits of a *habeas* claim, a preliminary review of the pleadings and exhibits is conducted in order to determine whether the petitioner has exhausted all available state

remedies prior to filing his petition in federal court, whether any of the claims raised are subject to the procedural default doctrine, and whether the petition is time-barred by the provisions of 28 U.S.C. § 2244(d)(1).

### A. *Exhaustion*

An application for a writ of *habeas corpus* "shall not be granted unless . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). The exhaustion doctrine requires a petitioner to present all federal claims to the state court before requesting federal *habeas* relief. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). State prisoners must afford "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 119 S.Ct. 1728, 1732 (1999). The federal claims should be presented to state courts "in a procedurally proper manner according to the rules of the state courts." *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

### B. *Procedural Default*

The procedural default doctrine bars federal *habeas corpus* review when a state court declines to address a petitioner's federal claims because the petitioner has failed to follow or has been defaulted by a state procedural rule. *Coleman v. Thompson*, 111 S.Ct. 2546, 2553–54 (1991). "[I]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* at 2564–65 (internal quotations and alterations omitted). This doctrine ensures that federal courts give proper respect to state procedural rules. *Id.*

### C. *Limitations Period*

Federal law imposes a one-year limitation period within which persons who are in custody pursuant to the judgment of a state court may seek habeas review in federal court. 28 U.S.C. § 2244(d)(1)(A). This limitation period generally runs from the date that the conviction becomes final. *See id.* The time during which a properly filed application for post-conviction relief is pending in state court is not counted toward the one-year limit. 28 U.S.C. § 2244(d)(2); *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999). However, the time between the date that the conviction becomes final and the proper filing of an application for post-conviction relief in state court is counted. *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998). Thus, in order to determine whether a *habeas* petition is time-barred under the provisions of section 2244(d), the court must ascertain: (1) the date upon which the judgment became final either by the conclusion of direct review or by the expiration of time for seeking further direct review; (2) the dates during which properly filed petitions for post-conviction or other collateral review were pending in state court; and (3) the date upon which the petitioner filed his federal *habeas corpus* petition.

Based on the pleadings and exhibits filed by Fontenot, the court cannot determine whether the petition should survive initial review.

Therefore, Fontenot is **ORDERED** to amend his petition within forty (40) days of this order and provide the following:

1. A **DATED** copy of the application for post-conviction relief filed in the Fourteenth Judicial District Court; in the event that he is unable to provide a **DATED** copy of the application, he should provide such other proof as is available to establish the date of filing;

2. A **DATED** copy of his application to the Third Circuit on post-conviction review; in the event that he is unable to provide a **DATED** copy of the application, he should provide such other proof as is available to establish the date of filing;

3. A **DATED** copy of the Third Circuit's denial of his application for post-conviction relief;

4. A **DATED** copy of the writ of *certiorari* filed in the Louisiana Supreme Court on post-conviction; in the event that he is unable to provide a **DATED** copy of the writ application, he should provide such other proof as is available to establish the date of filing;

5. A **DATED** copy of the Louisiana Supreme Court's denial of his writ on post-conviction;

6. A **DATED** copy of any previously filed writs of *habeas corpus*, any responses thereto, and any courts' rulings on same;

7. A **DATED** copy of any outstanding motions, appeals, etc., relative to the conviction/sentence he challenges herein; and

8. Any other documentation that he claims establishes that the instant *habeas corpus* petition should survive initial review.

**IT IS FURTHER ORDERED** that with respect to **ANY** claims which were denied on the basis of a procedural default, Fontenot should submit a response demonstrating that federal *habeas* review of any such claims is not barred by the procedural default doctrine, e.g. facts demonstrating cause and prejudice, a miscarriage of justice, or a specific showing that the procedural bar applied in this case is not strictly or regularly applied by the state court or was misapplied in his case.

Fontenot is advised that the only proper defendant in a *habeas corpus* case is the warden of the prison. *See* Rules 2(a) and 1(b) of the Rules Governing Section 2254 Cases; *see also Rumsfeld v. Padilla*, 124 S. Ct. 2711, 2718 (2004). Here Fontenot has named the State of Louisiana as his sole respondent. Accordingly, he should amend his petition to correct the error.

Fontenot may attach any and all documentation he chooses to his response.

THUS DONE this 29 July 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE