UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ANTHONY J. FONTENOT, JR.** | : | **DOCKET NO. 16-cv-582** |
| D.O.C. # 333968 | | **SECTION P** |
| **VERSUS** | : | **JUDGE TRIMBLE** |
| **STATE OF LOUISIANA** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is an application for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254 by *pro se* petitioner, Anthony J. Fontenot, Jr. ("Fontenot"). Fontenot is an inmate in the custody of the Louisiana Department of Public Safety and Corrections and is incarcerated at Allen Correctional Center in Kinder, Louisiana.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

### I.
#### BACKGROUND

The pleadings and exhibits tendered by Fontenot with his original *habeas* petition were insufficient to establish whether the petition should survive initial review. Accordingly this court ordered him to amend his petition to provide the documentation needed to establish, among other things, the dates on which he filed for post-conviction relief. Doc. 11. Fontenot responded to the amend order, providing some of the requested information and documentation. Doc. 14.

On March 28, 2007, Fontenot pleaded guilty in the Fourteenth Judicial District Court in Calcasieu Parish, Louisiana, to probation violations in two prior cases: No. 2454-01, in which he

was originally sentenced to ten years for theft; and No. 20884-02, in which he was originally sentenced to ten years for forgery. Doc. 14, att. 1, pp. 18–45. On the same day, he also pleaded guilty to theft of $500.00 or more in No. 12398-05. *Id.* On July 25, 2007, the court revoked Fontenot's probation and ordered him to serve both of the previously suspended ten year terms of imprisonment, to run consecutively to each other. *Id.* at 52–53. It also sentenced him to one seven year term of imprisonment on the theft charge, to run consecutively to the other two terms. *Id.*

Fontenot's appeal from the above judgment of conviction was denied by the Louisiana Supreme Court on August 19, 2011. *State ex rel. Fontenot v. State*, 67 So. 3d 1258 (La. 2011). As shown on this ruling, Fontenot sought relief from rulings by the Fourteenth Judicial District Court, 12398-05, and the Third Circuit Court of Appeal, No. KH 10-00181. *Id.* It appears that he did not seek further review in the United States Supreme Court.

Fontenot filed two applications for post-conviction relief in the Fourteenth Judicial District Court on February 4, 2016, and one in the same court on March 23, 2016. Doc 14, att. 1, pp. 11–13. The February applications were denied on April 22, 2016, and the March application was denied on April 12, 2016. *Id.* All of the applications were denied as untimely pursuant to LA. C. CR. P. art. 930.8, which states that "no application for post-conviction relief . . . shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final," unless certain conditions are met. *Id.*

Fontenot did not appeal the Fourteenth Judicial District Court's denials of his post-conviction relief to the Louisiana Third Circuit Court of Appeal. Doc. 14, p. 2. However, he did apply for supervisory and/or remedial writs to the Louisiana Supreme Court. *See State ex rel. Fontenot v. State*, 2016 WL 6777488 (La. 2016). On November 7, 2016, the Louisiana Supreme Court, citing Louisiana Supreme Court Rule X § 5(b), declined to consider Fontenot's writ because

"[p]etitioner has not demonstrated that he sought review in the courts(s) below before filing in this Court nor shown the 'extraordinary circumstances' that would justify bypassing that level of review." *Id.*

Fontenot signed the instant application for writ of *habeas corpus* on April 23, 2016, and same was received and filed on April 27, 2016. Doc. 1, p. 5. Here he raises several challenges to the conviction and sentences imposed in 2007, as described above. *See* doc. 4, pp. 5–10; doc. 10, pp. 1–4; doc. 14, pp. 2–4. As relief he seeks immediate release from prison.[1] Doc. 14, p. 4.

## II.
### LAW AND ANALYSIS

*A. Timeliness*

Federal law imposes a one-year limitation period within which persons who are in custody pursuant to the judgment of a state court may seek habeas review in federal court. 28 U.S.C. § 2244(d)(1). This period generally runs from the date that the conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). The time during which a properly-filed application for post-conviction relief is pending in state court is not counted toward the one-year limit. 28 U.S.C. § 2244(d)(2); *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999). However, any lapse of time before proper filing in state court *is* counted. *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir. 1998).

A state application is considered pending both while it is in state court for review and also during intervals between a state court's disposition and the petitioner's timely filing for review at the next level of state consideration. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001). The limitations period is not tolled, however, for the period between the completion of state review and the filing of the federal habeas application. *Mayle v. Felix*, 545 U.S. 644, 644 (2005). Accordingly,

---

[1] Fontenot also requests a transfer to Richwood Correctional Center in Monroe, Louisiana. Doc. 10, p. 4. Such relief is not available via a *habeas* petition. *See Hernadez v. Garrison*, 916 F.2d 291, 293 (5th Cir.1990) (finding federal prisoner's § 2241 petition requesting transfer to another prison not a proper subject for a habeas corpus petition).

in order to determine whether a habeas petition is time-barred under the provisions of §2244(d) the court must ascertain: (1) the date upon which the judgment became final either by the conclusion of direct review or by the expiration of time for seeking further direct review, (2) the dates during which properly filed petitions for post-conviction or other collateral review were pending in the state courts, and (3) the date upon which the petitioner filed his federal habeas corpus petition. Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326, 329 (5th Cir. 1999).

### B. *Finality of Judgment*

Fontenot's judgment of conviction became final on November 18, 2011, when the ninety-day period for seeking further direct review in the United States Supreme Court expired.[2] Thus he had one year, or until November 18, 2012, to file his federal *habeas corpus* suit.

### C. *Statutory Tolling*

Section 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one-year period. Fontenot filed his first application for post-conviction relief on February 4, 2016, allowing over three years to pass untolled from the finality of judgment. Thus he cannot avail himself of statutory tolling pursuant to §2244(d)(2) because by the time he filed his application for post-conviction relief on February 4, 2016, the limitations period had already expired and could not be revived.

### D. *Equitable Tolling*

The Fifth Circuit holds that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *Davis v. Johnson*, 158 F.3d 806, 810–11 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by

---

[2] The court will give Fontenot the benefit of the doubt and assume that his direct appeal was timely.

the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). As noted by the Supreme Court, "[t]o be entitled to equitable tolling, [the petitioner] must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 127 S.Ct. 1079, 1085 (2007) (quotations omitted).

Fontenot does not allege any facts that support a finding of equitable tolling. He has not alleged that he was actively misled nor has he alleged that he was prevented in some extraordinary way from asserting his rights. Thus equitable tolling is also inapplicable and the instant application is time-barred.

### III.
#### CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. § 2244(d)(1)(A).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

**Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

THUS DONE AND SIGNED in Chambers this 21st day of March, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE